UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO


| | | |
|---|---|---|
| JAMES R. FOUSHEE, | ) | CASE NO. 3:05 CV 7108 |
| | ) | |
| Plaintiff, | ) | JUDGE DAVID A. KATZ |
| | ) | |
| v. | ) | |
| | ) | <u>OPINION AND ORDER</u> |
| DR. D. WIGGINS, DDS., <u>et al.</u>, | ) | |
| | ) | |
| Defendants. | ) | |

On March 16, 2005, plaintiff <u>pro se</u> James R. Foushee filed the above-captioned action under 42 U.S.C. § 1983 against former Allen Correctional Institution ("ACI") Dentist D. Wiggins, former ACI Dentist K. Wiggins, former ACI Dentist Dr. Norton, ACI Dentist Dr. Walker, ACI Dental Hygienist Gretchen Matty, ACI Dental Hygienist John/Jane Doe, ACI Health Services Administrator Christy Barkimer, ACI Health Care Administrator B. Moore, ACI Institutional Inspector John D. Moore, Ohio Department of Rehabilitation and Correction ("ODRC") Assistant Chief Inspector Larry Yoder, ODRC Dental Director Dr. Huling, ODRC Chief Medical Officer Bruce Martin, and ODRC Deputy Director of

Office of Correctional Healthcare Services Kay Northrup. In the complaint, plaintiff alleges he was denied timely and complete dental care. He seeks monetary damages.

*Background*

Mr. Foushee was convicted in 1994 and sentenced to seven to fifteen years incarceration. He arrived at ACI in September 1994. Mr. Foushee contends he experienced good dental health prior to his incarceration and described his dental care in his first years at ACI as "adequate." (Compl. at 12.) He indicates ACI hired Dr. K. Wiggins, DDS, and his wife Dr. D. Wiggins in 2000. He alleges that the quality of dental care he received began to decline. He contends he began to develop dental decay necessitating numerous procedures. He states these procedures were not performed adequately or timely by either dentist.

Specifically, Mr. Foushee states that he lost a crown on one of his lower right molars and was told ACI would no longer replace crowns. Dr. D. Wiggins later extracted the tooth because it had become too damaged to repair. He indicates he acquired cavities in his front teeth and alleges that although D. Wiggins filled those cavities, the fillings fell out within days of the treatment. She replaced the fillings and again within days, the fillings fell out. He claims he discovered at a later date that the materials used to make his fillings were outdated. He states he requested a filling for a cavity that had developed in another lower molar but did not receive the filling at that time. He claims Dr. D. Wiggins and Dr. K. Wiggins were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

In 2001, ACI hired Dr. Norton, DDS. Mr. Foushee first saw Dr. Norton in September 2001 for an evaluation and consultation. On March 12, 2002, Dr. Norton refilled the front teeth that had

2

been filled by Dr. Wiggins. On April 25, 2002, Dr. Norton filled a cavity in Mr. Foushee's molar. On June 27, 2002, Dr. Norton filled a cavity. He filled another cavity on July 8, 2002. On July 23, 2002 Dr. Norton ground out and replaced two cracked fillings. On August 27, 2002 Dr. Norton replaced a filling. On September 5, 2002, Dr. Norton filled a cavity. Mr. Foushee saw Dr. Norton on October 1, 2002. He received a new crown on January 2, 2003. He requested dental care stating he was in pain on March 7, 2003. He sent a kite to Dr. Norton on April 16, 2003 again complaining of tooth pain. Dr. Norton repaired Mr. Foushee's lower front tooth on April 24, 2003 and refilled another front tooth on May 13, 2003. Two teeth were filled on September 11, 2003 and two more were filled on November 25, 2003. On January 22, 2004, Mr. Foushee broke two teeth in the prison dining hall. On April 27, 2004, Dr. Norton repaired a tooth and made a note to fill two additional teeth at a later date. Mr. Foushee contends that Dr. Norton did not provide timely dental care in response to his requests for dental treatment or promptly schedule him for follow-up visits. He asserts that this conduct demonstrates deliberate indifference to serious medical needs.

      Mr. Foushee was seen by the new ACI dentist, Dr. Walker, on August 26, 2004. He was told that Dr. Walker did not have time available that day to perform the dental work that was needed, and stated that Mr. Foushee would be scheduled for another appointment within two weeks. On September 2, 2004, Dr. Walker repaired a broken tooth. Mr. Foushee was examined by Dr. Walker in January 2005, in response to Mr. Foushee's complaint of tooth pain. Dr. Walker determined that one of Mr. Foushee's teeth required extraction. He contends that Dr. Walker also delayed dental treatment, in violation of the Eighth Amendment.

3

*Analysis*

A prisoner must allege and show that he has exhausted all available administrative remedies before filing a civil rights action in federal court to challenge the conditions of his confinement. 42 U.S.C. §1997e; Wyatt v. Leonard, 193 F.3d 876, 878 (6th Cir. 1999); Brown v. Toombs, 139 F.3d 1102, 1104 (6th Cir. 1988), cert. denied, 525 U.S. 833 (1998). To establish that he exhausted his remedies prior to filing suit, the prisoner must plead his claims with specificity and show that he has exhausted his administrative remedies with respect to each allegation against each defendant by attaching to the complaint a copy of the applicable administrative dispositions or, in the absence of written documentation, describing with specificity the administrative proceedings and their outcomes. Knuckles-El v. Toombs, 215 F.3d 640, 642 (6th Cir. 2000). The prisoner must exhaust each specific claim against each defendant named in the complaint to satisfy the exhaustion requirement. See Curry v. Scott, 249 F.3d 493, 504-05 (6th Cir. 2001). In the absence of such particularized averments concerning exhaustion, the action must be dismissed. Id.

Ohio Administrative Code § 5120-9-31 sets forth a three-step grievance procedure for administrative remedies for inmates housed in Ohio prisons. Under this section, an inmate initiates the grievance procedure by filing an Informal Complaint Resolution form with the prison official whose area of responsibility is most related to the grievance. OHIO ADMIN. CODE § 5120-9-31(J)(1). If the inmate is dissatisfied with the informal complaint response, or if there has been no response to the complaint, the inmate may file a Notification of Grievance form with the Institutional Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(2). If this second step does not provide satisfactory results, the inmate may file an appeal

4

with the office of the Chief Inspector. OHIO ADMIN. CODE § 5120-9-31(J)(3). The Chief Inspector's written response to the inmate's appeal is the final decision on the grievance.

Although Mr. Foushee attached copies of grievances which suggest he may have exhausted his claims against some of the defendants, it is clear that he has not met the requirements of § 1997e with respect to each claim against each defendant. There are no grievance forms or allegations of exhaustion which pertain to Dr. Walker. Moreover, none of the grievance forms mentions Hygienist Gretchen Matty, Hygenist John/Jane Doe, Health Services Administrator Christy Barkimer, Health Care Administrator B. Moore, or Institutional Inspector John D. Moore.

The United States Sixth Circuit Court of Appeals recently adopted a "total exhaustion" requirement for prisoner complaints which fall within the parameters of 42 U.S.C. §1997e. See Bey v. Johnson, No. 03-2331, 2005 WL 1120283 (6th Cir. April 27, 2005). Under this rule, a complaint containing both exhausted and unexhausted claims must be dismissed in its entirety for failure to exhaust administrative remedies. Bey, No. 03-2331, 2005 WL 1120283, at *3. The district court no longer has the option of dismissing just the unexhausted claims and proceeding with the claims that have been submitted through the relevant grievance process. Id. A prisoner whose "mixed" complaint was dismissed may either wait until all of his claims against all of the defendants have been exhausted to file his action, or immediately file a new action which contains only the exhausted claims. Id. at *6. Because Mr. Foushee has not demonstrated that he filed grievances for all of his claims against all of the defendants, the court is required by the rule of total exhaustion to dismiss the complaint in its entirety without prejudice.

5

*Conclusion*

Accordingly, this action is dismissed without prejudice pursuant to 42 U.S.C. §1997e. Further, the court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

                                                          s/ DAVID A. KATZ 6/8/05

                                                          DAVID A. KATZ
                                                          UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a) provides, in pertinent part:

    An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.